**IN THE COURT OF APPEALS AT NASHVILLE**

**FILED**

**July 14, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| STATE OF TENNESSEE ex rel., | ) C/A No. 01A01-9901-CV-00052 |
| CYNTHIA ARLENE MASSENGALE, | ) MARION CIRCUIT |
| | ) No. 12067 |
|     Plaintiff-Appellant | ) |
| | ) |
|     v. | ) |
| | ) |
| JERRY CLEVELAND MASSENGALE, | ) |
| | ) |
|     Defendant-Appellee | ) |


APPEALED FROM THE CIRCUIT COURT OF MARION COUNTY

THE HONORABLE THOMAS W. GRAHAM, JUDGE


Paul G. Summers
ATTORNEY GENERAL & REPORTER

Tammy L. Kennedy
ASSISTANT ATTORNEY GENERAL
425 5th Avenue, North
Second Floor, Cordell Hull Building
Nashville, TN 37243

    Attorneys for Plaintiff-Appellant


Geary P. Dillon, Jr.
P.O. Box 130
Whitwell, TN  37397

    Attorney for Defendant-Appellee


VACATED AND REMANDED

      **Houston M. Goddard, Presiding Judge**


CONCUR:

FRANKS, J.
SUSANO, J.

O P I N I O N

Goddard, P.J.

This is an appeal from a court order to reduce child support. The Trial Court granted Jerry Massengale, the Defendant-Appellee, a reduction in his child support obligation from $150 per week to $117 per week. The State of Tennessee, the Plaintiff-Appellant presents for our consideration the following issue:[1]

> Whether the trial court erred
> in modifying current child support
> downward where the variance between
> the amount of support under the
> Tennessee Child Support Guidelines
> and the current order of support
> resulted from a previously ordered
> deviation, and the proponent of the
> modification failed to prove by a
> preponderance of the evidence that
> the circumstances which caused the
> deviation had changed.

The parties married on August 26, 1982, and two children were born of the marriage. On November 20, 1996, the parties were granted a divorce. The Marital Dissolution

---

[1]Mr. Massengale contends in his brief that the State does not have an interest in the resolution of this case. Although the State does not explain the basis for its standing to seek Mrs. Massengale's child support, the record indicates that Mrs. Massengale is a recipient of Aid to Families with Dependent Children. Therefore, Mrs. Massengale would be required to assign her rights to support from third parties to the State. See Tenn. Code Ann. § 71-3-124.

2

Agreement provides for Mr. Massengale's payment of $150 per week in child support.

Although the MDA states that it "constitutes the entire understanding of the parties," Mr. Massengale contends that he and Mrs. Massengale had agreed that his child support obligation would be reduced once the marital debt had been paid. According to the MDA, Mrs. Massengale agreed to assume "payment of all marital debt incurred prior to June 1, 1996." Despite the arguments of both parties, the MDA, however, does not indicate that the amount of child support awarded is based on Mrs. Massengale's assumption of the marital debt or that the parties had any agreement that the amount would be reduced once the marital debt had been satisfied.

In its brief, the State concedes that Mr. Massengale's child support obligation of $150 per week exceeds the amount required by the Tennessee Child Support Guidelines. At the time of the divorce in 1996, the State contends that Mr. Massengale's support obligation for two children "may have been approximately $490.00 per month."

Mr. Massengale made one or two partial payments during January 1998 and apparently stopped making any payments thereafter. Mr. Massengale, who is employed by a concrete

machine company, is often unable to work forty hours per week because his work is dependent on outside working conditions. Although the number of hours he works each week varies, he averages approximately thirty hours per week.

On July 27, 1998, the State filed a petition for civil contempt against Mr. Massengale and asserted that Mr. Massengale had "failed and refused to pay as ordered and [was] in arrears $2,495.00 as of July 14, 1998 and [was] in willful contempt of Court." On August 20, 1998, Referee Gary Leech heard the petition for civil contempt. He found that Mr. Massengale was in arrears in his child support for $3,395 and found Mr. Massengale in contempt. He sentenced him to 90 days in jail, but stayed the sentence upon the condition that Mr. Massengale comply with a certain payment schedule.[2]

Mr. Massengale retained counsel and filed a complaint to modify decree. On October 9, 1998 his complaint was heard before the Trial Court. The Trial Court affirmed the referee's findings with the exception of Mr. Massengale's child support obligation. The Trial Court reduced his support obligation from $150 per week to $117 per week and awarded the State a judgment

_____

[2]Mr. Massengale was to make a purge payment of $500 in addition to the clerk's fee of 5% on or before December 15, 1998. Also, he was to make all current child support payments and arrearage payments between August 20, 1998 and December 15, 1998.

for arrearages in the amount of $3,517.05 through October 9, 1998. In calculating this amount, the Trial Court used the reduced amount of $117 for the time following Mr. Massengale's August 1998 filing of his complaint to modify decree.

The State argues that the Trial Court erred by granting a reduction in Mr. Massengale's child support obligation because Mr. Massengale did not show by a preponderance of the evidence that the circumstances causing the court-ordered deviation from the Child Support Guidelines had not changed. The State cites Tennessee Code Annotated § 36-5-101 for support of its argument:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

The State argues that "because the current variance resulted from a previously court-ordered deviation, Tenn. Code Ann. § 36-5-101 (a)(1) requires that for Mr. Massengale to be entitled to a downward modification he must show a change of

5

circumstance since the entry of said court-ordered deviation." The State argues that Mr. Massengale, who was represented by counsel at the time of his divorce, entered into the MDA knowing that he was to pay support in excess of the required amount under the Child Support Guidelines. The State maintains that Mr. Massengale did not show by a preponderance of the evidence that a change of circumstances existed to warrant a downward modification of the child support obligation.

Furthermore, the State argues that the reasons provided by the Trial Court for the downward modification were not the types of changes warranting a downward modification: the cost of living had increased, Mr. Massengale might have another family, Mr. Massengale was required to purchase a new car, or the Court thought that Mr. Massengale had been paying above the guidelines for long enough.

Mr. Massengale argues that the Trial Court properly ordered a reduction in his child support obligation. He asserts that there is no justification for the payments to exceed the guidelines other than that his ex-wife was to pay the marital debt of the parties and that failure to reduce the payments after the debt had been paid would be unfair to him.

Mr. Massengale notes that at the time of his divorce, he was living with his mother. While living with her, he paid no rent, utilities, or food but had only one room. When his children visited, they had to sleep on the floor. Later, he had an opportunity to purchase a home for a monthly payment of $360, which was less than his rent payment of $100 per week. He maintains that the expenses of purchasing a home in addition to his need to purchase a vehicle for transportation to work each day amounted to a change in circumstances. Mr. Massengale contends that his purchase of a home was in the best interest of his children and that fairness dictates he be allowed to provide suitable housing for his children when they visit with him.

Pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure, we review findings of fact by the Trial Court de novo upon the record of the trial court with a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.

The Child Support Guidelines require the obligor with two children, such as Mr. Massengale, to pay 32% of his "net income" as defined in the guidelines. See Tenn. Comp. R. & Regs. 1240-2-4-.03(5). Trial courts are required to modify child support obligations only when there is a "significant variance" between the amount of support required by the guidelines and the

7

amount currently ordered.  Tenn. Code Ann § 36-5-101(a)(1).  When the child support obligation is greater than $100 per month, the guidelines define a "significant variance" as one of at least 15%.  See Tenn. Comp. R. & Regs. 1240-2-4-.02(3).

"The current guidelines require that decisions to modify existing child support orders must be based on a comparison of the amount of the existing support obligation and the amount that the obligation would be if it were based on the obligor parent's current income." Turner v. Turner, 919 S.W.2d 340, 344 (Tenn. Ct. App. 1995).  "A modification must be made if the existing support obligation varies by fifteen percent or more from the amount that the obligation would be based on the obligor parent's current income." Turner, 919 S.W.2d at 344.

If the variance equals or exceeds fifteen percent, only two circumstances warrant a refusal to decrease child support: (1) when the obligor parent is willfully or voluntarily unemployed or underemployed and (2) if the variance results from "a previous decision of a court to deviate from the guidelines and the circumstances which caused the deviation have not changed." Turner, 919 S.W.2d at 344 (citing Tenn. Comp. R. & Regs. 1240-2-4-.02(3)).

8

We address first Mr. Massengale's argument that he and Mrs. Massengale had an agreement that his child support obligation would be reduced once the marital debt had been paid. Although the State agrees with Mr. Massengale's contention that he agreed to pay more child support than required by the guidelines, it denies that there was any agreement to reduce the amount after Mrs. Massengale had paid the marital debt. The MDA, however, does not indicate that Mr. Massengale's child support obligation would be greater in exchange for Mrs. Massengale's assumption of the marital debt. The MDA states that it is the complete agreement of the parties. Therefore, the arguments put forth by both parties concerning any collateral agreements between them are irrelevant.

Next, we note that the record contains numerous references to Mr. Massengale's "gross pay," not "net pay" when determining the amount of his child support obligation. Mr. Massengale has been paying $150 per week which would be approximately $645 per month.[3] We note that if Mr. Massengale's "gross pay" per month in 1996 was $1,896.15 as the State contends, then his child support obligation of 32% appears to have been based on his "gross pay," not his "net pay."[4]

---

[3] $150 X 4.3 weeks/month = $645.

[4] 32% X $1,896.15 = $606.77 (rounded). Mr. Massengale has been paying approximately $645 per month in child support.

In its brief, the State concedes that Mr. Massengale's child support obligation at the time of the divorce "may have been approximately $490.00 per month." Assuming that the $490 amount is correct as the State maintains, the current order for $150 per week in child support would be greater than 15%.[5] Based on the Child Support Guidelines, the obligor is entitled to a reduction in his support obligation unless the current variance is the result of the obligor's voluntary unemployment or underemployment or is due to a previous decision to deviate from the guidelines. See Tenn. Comp. R. & Regs. 1240-2-4-.02(3).

The State argues that Mr. Massengale has not shown a change of circumstances to the previous court-ordered deviation from the Child Support Guidelines, and thus, he is not entitled to a downward modification in his child support obligation. We disagree. The State's argument assumes that there are written findings in the record explaining why Mr. Massengale's child support obligation deviated from the guidelines at the outset. The record contains no such explanation. Therefore, it is impossible for Mr. Massengale to argue that there has been a change of circumstances under Tennessee Code Annotated § 36-5-101 as the State contends, unless there are first written findings explaining why his child support obligation deviated from the

---

[5]We do not accept the State's amount of $490 per month as the correct amount that Mr. Massengale would be obligated to pay under the Child Support Guidelines. We use this amount simply to indicate what the deviation from the guidelines would be if $490 were the correct amount as the State contends. The percentage of deviation between $490 per month and $645 per month is 23%.

Child Support Guidelines initially.  Furthermore, the record contains no evidence that Mr. Massengale is unemployed or underemployed.

Notwithstanding our explanation of the information that is contained in the record, we are unable to determine whether a significant variance exists because the record does not contain specifically how the Trial Court arrived at the $117 amount.  The record is unclear whether the $117 amount is based on Mr. Massengale's present net income.  Without all the necessary information, we cannot determine whether at least a 15% variance exists between the amount of Mr. Massengale's current child support obligation and the amount of his obligation based on his present income.

Therefore, on remand the Trial Court should either set Mr. Massengale's child support in accordance with the Child Support Guidelines or explain in writing why the application of the guidelines would be unjust or inappropriate pursuant to Tennessee Code Annotated § 36-5-101(e)(1).

In light of our discussion regarding Mr. Massengale's child support obligation, the amount of arrearage also needs to be addressed by the Trial Court after determining the proper

amount of Mr. Massengale's child support obligation.  We do agree with the Trial Court that if Mr. Massengale's child support obligation is reduced, the reduction should commence from the time he filed his complaint to modify the previous decree.

For the foregoing reasons, the order of the Trial Court is vacated, and the case is remanded for proceedings consistent with this opinion.  Costs of appeal are adjudged one-half against Mr. Massengale and his surety and one-half against the State of Tennessee.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.